# BURLINGTON NISI PRIUS.

## AUGUST TERM, 1793.

[437]. ENGLISH v. WRIGHT.

In an action of dower the tenant is estopped from questioning the seizin of the husband under whom he himself has purchased and taken a deed.

This was an action of dower, to which the tenant pleaded—
1st. *Ne unques accouple,* &c.
2d. *Ne unques seisie.*

The case was tried at the Burlington Nisi Prius, in August, 1793, before KINSEY, C. J., and SMITH, J.

English v. Wright.

On the evidence it appeared the tenant claimed title under Joseph English, the brother of Isaac English, the demandant's husband. Thomas English, the father of Isaac and Joseph, was seized of the premises in question, and had conveyed them to Joseph, who entered upon the lands and continued in possession until the date of his conveyance to Wright, about ten years since. Subsequent to this deed from the father to Joseph, Isaac became insolvent, and was thrown into prison by his creditors. He there produced to them another deed, of a prior date, from his father to himself, which, however, appeared to be a conditional conveyance. It appeared, however, that the condition had never been performed ; that Isaac was present at the execution of the deed from his father to Joseph, had acquiesced in the conveyance, and actually consented to receive other land from his father in lieu of this which had been conditionally given him ; and that he was called upon, at the time of the execution of this last conveyance, to give up the deed to himself, which, however, he alleged was lost. The creditors not being informed of any of these circumstances which tended to invalidate the first deed, took out execution, levied upon the premises as the property of Isaac, together with other lands belonging to him, and the whole were sold by the sheriff.

Joseph attended at the sheriff's sale, and with a view of purchasing in and extinguishing this pretended claim, bought the whole of the land, and took a deed from the sheriff.

[438] *M'Ilvaine,* for the demandant, contended that Joseph, having recognized the title of Isaac by the purchase from the sheriff, ought not to be permitted to set up a prior title in himself, to oust the widow of her dower ; so far as regarded her claim, he was estopped from saying her husband was not seized.

*Griffith* and *R. Stockton, contra.* Estoppels are ever odious in the law, and, under any circumstances, they operate only between parties to a deed. Joseph made this purchase, and accepted a conveyance from the sheriff as a matter of pru-

dence, to avoid controversies, and to silence every pretence of a deficiency in his title; and it is in the highest degree unjust that the widow should, when her husband was not in any manner entitled to this property, found a title upon an act of the brother which was, in itself, perfectly innocent and prudent.

PER CUR. The demandant must recover. Joseph has received a deed under her husband, and this amounts to sufficient proof of seizin. (a) With regard to the merits of Isaac's title, she is not bound to prove it; (b) it is altogether immaterial in an action for dower. There are circumstances of hardship, it is true, but it must be recollected that it would lead widows into great difficulties if they were to be cut out by a prior title, after the person setting up such title had accepted a deed under the husband.

Verdict for demandant.

(a) See the case of *Jackson, ex dem. Sinsabaugh and others*, v. *Sears*, 10 *Johns.* 435, in which it was held that the acceptance of a deed of the premises from his parents, by the father of the lessor of the plaintiff, does away the force of parol testimony tending to show that he had previously held adversely to the rightful title of his mother; or if he had previously so held, the adverse possession then terminated, and he held under his parents such right as the deed conveyed. *Jackson* v. *Hinman*, 10 *Johns.* 292.

(b) See *Sheppard* v. *Wardell, post.*

CITED *in Hyatt* v *Ackerson*, 2 *Gr.* 566; *Harrison* v. *Eldridge*, 2 *Hal.* 412 *Sheppard* v. *Wardell, Coxe* 452.